Henry Thomas HAILE, Jr., Melvin Thomas Haile, a minor, suing by next friend and father, Henry Thomas Haile, Jr., Carolyn Darlene Haile, a minor, suing by next friend and father, Henry Thomas Haile, Jr., Ora Ellen Smith, Mrs. Gertrude L. Haile, and Henry Thomas Haile, Plaintiffs,

v.

Osley Bird SAUNOOKE, Bertha Saunooke, The Eastern Band of Cherokee Indians, a Corporation, and the United States, in its capacity as a government and also as trustee for and guardian of the Eastern Band of Cherokee Indians and the individual members thereof, Defendants.

Civ. No. 1544.

United States District Court
W. D. North Carolina,
Asheville Division.

Jan. 23, 1957.

See, also, 148 F.Supp. 604.

Uzzell & DuMont, Asheville, N. C., Folts, Brammer, Bishop & Thomas, Chattanooga, Tenn., O. L. Anderson, Murphy, N. C., for plaintiff.

James M. Baley, Jr., U. S. Atty., Hugh E. Monteith, Asst. U. S. Atty., Asheville, N. C., George Cochran Doub, Asst. Atty. Gen., John G. Roberts, Atty. Dept. of Justice and Theodore H. Haas, Asst. Sol., Dept. of Interior, for defendant.

WARLICK, District Judge.

This cause coming on to be heard and being heard before the undersigned United States District Judge upon the motion of the defendant the United States, acting in its sovereign capacity as a government and in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof, to dismiss this action as to the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof, the Court, after hearing arguments of counsel for the plaintiffs and the defendant and after considering the complaint of the plaintiffs, the motion of the defendant, the affidavits referred to in said motion (being the affidavits of Glenn L. Emmons, United States Commissioner of Indian Affairs, D. Otis Beasley, Administrative Assistant Secretary of the United States Department of the Interior, and W. Barton Greenwood, Assistant Commissioner [Administration] Bureau of Indian Affairs, United States Department of the Interior), makes the following findings of fact and conclusions of law:

### Findings of Fact

1. That by this action the plaintiffs seek to recover damages for alleged in-

juries sustained by them resulting from the collapse on July 3, 1955 of a certain bridge across the Oconalufty River located on the Qualla Boundary of the Eastern Band of Cherokee Indians, Swain County, North Carolina; that the legal title to said Qualla Boundary upon which said bridge was located was on said date, and still is, vested in the United States in trust for the Eastern Band of Cherokee Indians by virtue of a deed of conveyance executed by the Eastern Band of Cherokee Indians to the United States, which deed bears date of July 21, 1925 and was executed by the Eastern Band of Cherokee Indians and accepted by the United States under the provisions of an Act of Congress passed on June 4, 1924, 43 Stat. 376, 25 U.S. C.A. § 331 note.

2. That the Congress of the United States and the Executive Branch of the United States Government have continuously recognized the Eastern Band of Cherokee Indians as an Indian Tribe; that, specifically, by an Act of July 27, 1868, 15 Stat. 228, the Congress of the United States directed the Secretary of the Interior to have a new roll of the North Carolina Cherokees prepared, and Section 3 of said Act provides as follows:

"And be it further enacted, That hereafter the Secretary of the Interior shall cause the commissioner of Indian affairs to take the same supervisory charge of the Eastern or North Carolina Cherokees as of other tribes of Indians."

That the Indians referred to in said Act are the Eastern Band of Cherokee Indians, named as one of the defendants herein.

3. That at the time of the institution of this action the Eastern Band of Cherokee Indians was, and still is, an Indian Tribe.

4. That the Congress of the United States has not given its consent for the plaintiffs to institute and maintain this action either against the Eastern Band of Cherokee Indians and the individual members thereof or against the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof.

Conclusions of Law

That the Eastern Band of Cherokee Indians and the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof, are clothed with sovereign immunity from suit and cannot be sued without consent duly given by the Congress of the United States; that the Federal Tort Claims Act, 28 U.S.C. § 1346(b), does not constitute a waiver of sovereign immunity from suit with respect to the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof, and the United States has not consented to be sued in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof.

It is, therefore, ordered that the motion to dismiss said action against the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof be and the same is hereby allowed, and said action is hereby dismissed as to the United States in its capacity as Trustee for and Guardian of the Eastern Band of Cherokee Indians and the individual members thereof; and it is further

Ordered that the United States in its capacity as a Government be and it is hereby granted 60 days from the date of this order within which to file answer or otherwise plead to the complaint of the plaintiffs.